UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NUMBER: _____

STEPHANIE SUAREZ,

      Plaintiff,

vs.

SEACOAST UNIFORMS, a Florida Corporation
and DAWN MASON, individually,

      Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, STEPHANIE SUAREZ, by and through her undersigned counsel, and sues the Defendants, SEACOAST UNIFORMS, a Florida Corporation, and DAWN MASON, individually, and alleges as follows:

## INTRODUCTION

1. This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA"), as temporarily modified pursuant to the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over their controversy based upon the FMLA and FFCRA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3. At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendants.

4. At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA as temporarily modified by the FFCRA.

5. At all times material hereto, Defendant, SEACOAST UNIFORMS was a Florida Corporation doing business and services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

6. At all times material hereto, Defendant, DAWN MASON, individually, acted directly in the interests of her employer, the Defendant, SEACOAST UNIFORMS, in relation to the Plaintiff, and this individual Defendant exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of the Defendant, SEACOAST UNIFORMS, and is otherwise an 'employer' as defined by the FMLA as temporarily modified by the FFCRA.

## STATEMENT OF FACTS

7. The Plaintiff was an employee for the Defendants since February 10, 2020.

8. During Plaintiff's employment, she was a satisfactory employee.

9. On or about May 25, 2020, Plaintiff began experiencing symptoms of the virus, and called out for three consecutive days as she was still ill.

10. Given her medical issues, and the fact that her position required her to interact with numerous people, she informed the Defendants that it was in her best interest, and the companies, that she not return until she is better.

11. On Thursday, May 28, 2020, she was informed that she was unreliable and was terminated.

## COUNT I

## FFCRA INTERFERENCE - SEACOAST UNIFORMS

12. The Plaintiff incorporates by reference paragraphs 1-11 herein.

13. At all times material to this lawsuit, the Plaintiff was entitled to benefits afforded under the FMLA as temporarily modified by the FFCRA.

14. The Defendant unlawfully interfered with the Plaintiff's exercise of her FFCRA rights by denying her benefits that she was afforded.

15. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

16. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, STEPHANIE SUAREZ, requests that judgment be entered against the Defendant, SEACOAST UNIFORMS for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FFCRA INTERFERENCE - DAWN MASON

17. The Plaintiff incorporates by reference paragraphs 1-11 herein.

18. At all times material to this lawsuit, the Plaintiff was entitled to benefits afforded under the FMLA as temporarily modified by the FFCRA.

19. The Defendant unlawfully interfered with the Plaintiff's exercise of her FFCRA

rights by denying her benefits that she was afforded.

20. As a direct and proximate result of the Defendant's unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

21. The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, STEPHANIE SUAREZ, requests that judgment be entered against the Defendant, DAWN MASON for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial.

Dated: October 9, 2020.   Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920